DANIEL J. BERMAN, ESQ.
BERMAN O'CONNOR & MANN
Suite 503, Bank of Guam Building
111 Chalan Santo Papa
Hagåtña, Guam 96910
Telephone:   (671) 477-2778
Facsimile:   (671) 477-4366

Attorneys for Plaintiffs

# IN THE DISTRICT OF GUAM

## TERRITORY OF GUAM

| | |
|---|---|
| EUSEBIO V. JACOB and MARTA A. JACOB,<br><br>                  Plaintiffs,<br><br>v.<br><br>1) PLASTICS ENGINEERING COMPANY (PLENCO), a Wisconsin corporation;<br><br>2) ROCKWELL AUTOMATION, INC., individually and as successor by merger to ALLEN-BRADLEY COMPANY, LLC and as successor-in-interest to ROSTONE CORPORATION, a Delaware corporation,<br><br>                  Defendants. | CIVIL CASE NO. _____<br><br>**COMPLAINT FOR PERSONAL INJURY; EXHIBIT A; and, DEMAND FOR JURY TRIAL** |

COME NOW the Plaintiffs, EUSEBIO V. JACOB and MARTA A. JACOB, and hereby for their Complaint against the Defendants allege as follows:

## PARTIES

1.    Plaintiffs above named are husband and wife respectively. Plaintiff EUSEBIO V. JACOB is hereinafter referred to as "Plaintiff first named"; Plaintiff MARTA A. JACOB is the spouse of Plaintiff EUSEBIO V. JACOB and is hereinafter referred to as "Plaintiff second named". Plaintiffs are residents of Tamuning, Guam.

2.    Defendant (1) PLASTICS ENGINEERING COMPANY (PLENCO), a Wisconsin corporation, (hereinafter also "PLENCO"); and Defendant (2) ROCKWELL AUTOMATION, INC., individually and as successor-in-interest by merger to ALLEN-

BRADLEY COMPANY, LLC and as successor-in-interest to ROSTONE CORPORATION, a Delaware corporation, (hereinafter collectively also "ROCKWELL") were doing business in the Territory of Guam at all times mentioned herein.

## JURISDICTION, VENUE AND FACTS COMMON TO ALL COUNTS

3. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 diversity of citizenship. The matter in controversy exceeds $75,000 and this is a controversy between Plaintiffs who are residents of Guam and Defendants who are incorporated in states other than Guam, and who do not have their principal place of business in Guam. Also, this court has jurisdiction pursuant to 28 U.S.C. § 1333.

4. This court has venue pursuant to 28 U.S.C. § 1391(b)(2) in that all of Eusebio Jacob's exposure to asbestos occurred within the Territory of Guam.

5. Defendants above named, manufactured, sold and/or supplied certain generically similar asbestos products which were ultimately used by insulators and others, and/or to which they came in contact, while working in their trades and occupations in the Territory of Guam and other locations. Defendants above named also manufactured, sold and/or supplied certain generically similar asbestos products to Guam Navy Ship Repair Facility (SRF) and other shipyards and ships for use in the general overhaul, building, refitting and maintenance of ships. Defendants sold and supplied certain equipment to the United States Navy and Guam SFR and other shipyards, which contained asbestos gaskets and/or packing and which were sold by said defendants as after-market replacement parts and which required asbestos insulation, or required other asbestos containing parts to function properly; and also sold replacement component parts for their equipment, including asbestos gaskets and packing which were identical to their commercial counterparts. This equipment includes but is not limited to the following: PLENCO (asbestos containing thermoset plastic molding materials); ROCKWELL (Allan Bradley controllers, circuit breakers,

- 2 -
\\SHARESERVER\share\wpdocs2\Dan\Jacob Eusebio v Plastics Eng'g et al\PLDS\2019 06 Jun\Complaint (Guam) 06 20 final.doc

Case 1:19-cv-00108 Document 1 Filed 06/20/19 Page 2 of 13

switches and other electrical equipment with asbestos parts); ROCKWELL is also the successor to ROSTONE which sold asbestos-containing thermoset plastic molding materials for use in electrical equipment.

6. Plaintiff first named was engaged in his employment as a journeyman electrician at the Navy Ship Repair Facility in Guam during the approximate years 1962 to 1985 where asbestos products were being used; and worked in and on ships where the said asbestos products were being used; and was repeatedly exposed to great quantities of asbestos, asbestos dust and asbestos fibers; and on these and other occasions, Plaintiff first named worked onboard the following ships which had first been overhauled and/or repaired at Guam SRF and defendants sold original equipment manufacturer (OEM) asbestos gaskets and packing to Guam SRF, which were installed in their respective equipment on the following ships listed on Exhibit A hereto including: USS Asheville, USS Banner, USS Brister (DER-327), USS Engage (MSO-433), USS Fortify (MSO-446), USS Grasp (ARS-24), USS Haverfield (DER-393), USS Impervious (MSO-449), USS Inflict (MSO-456) and USS Ponchatoula (AO-148). EUSEBIO V. JACOB inhaled asbestos dust and fibers from said asbestos products; and said exposures and inhalation directly and proximately caused Plaintiff first named to develop malignant mesothelioma and other asbestos-related diseases and injuries to his lungs, chest cavity, cardiovascular system and other parts of his body, which were not discovered and/or were disguised until about August 2018. Eusebio Jacob's diagnosis of mesothelioma was confirmed after a review of surgical pathology by the Hawaii Pathologists' Laboratory in Honolulu, Hawaii, report dated August 2, 2018.

## COUNT I

## STRICT LIABILITY

7. Plaintiffs incorporate herein by reference all prior allegations as if specifically restated herein, paragraph for paragraph and word for word.

- 3 -
\\SHARESERVER\share\wpdocs2\Dan\Jacob Eusebio v Plastics Eng'g et al\PLDS\2019 06 Jun\Complaint (Guam) 06 20 final.doc

Case 1:19-cv-00108 Document 1 Filed 06/20/19 Page 3 of 13

8. At all times and places mentioned herein, Defendants, and each of them, were engaged in the business of designing, manufacturing, assembling, maintaining for sale, testing, inspecting, marketing, distributing, recommending and selling, leasing, renting and supplying asbestos products.

9. Hereinabove described asbestos products were in substantially the same condition as at the time of design, manufacture, assembly, testing, inspection, marketing, distribution and sale.

10. At all times and places mentioned herein, said asbestos products failed to meet consumer expectations of safety, and were unreasonably dangerous and in a defective condition as to design and marketing, and Defendants, failed to warn or give adequate warning calculated to reach the ultimate users or consumers of the dangers of asbestos products, all of which directly and proximately resulted in the injuries and damages sustained by Plaintiffs. The only claims against Defendants are for strict liability failure to warn of the dangers of asbestos in association with their products.

11. By reason of the premises, Defendants, and each of them, are strictly liable to Plaintiffs.

12. At all times and places mentioned herein, Defendants, and each of them, at the time of design, manufacture, and sale of said asbestos products expressly and impliedly warranted that said asbestos products as hereinabove described were of merchantable quality, properly designed, manufactured and reasonably fit and suitable for ordinary use in the ship construction, ship overhaul and ship refitting industries.

13. At all times and places mentioned herein, Defendants, and each of them, breached said warranty, in that, among other things, said asbestos products were not of merchantable quality nor properly designed nor manufactured nor fit for ordinary use in the industry; that said asbestos products were designed, manufactured, fabricated, assembled, supplied, marketed, sold and distributed in such a dangerous and defective condition that said asbestos products were reasonably likely to, and did, cause injury by

- 4 -
\\SHARESERVER\share\wpdocs2\Dan\Jacob Eusebio v Plastics Eng'g et al\PLDS\2019 06 Jun\Complaint (Guam) 06 20 final.doc

Case 1:19-cv-00108 Document 1 Filed 06/20/19 Page 4 of 13

reason of Defendants' design and manufacture and failure to warn; and further said asbestos products could not safely be used by a person exercising ordinary and reasonable care.

14. As a direct and proximate result of these breaches of expressed and implied warranties, Plaintiffs suffered injury, disease, and damage as is herein set forth.

15. As a direct and proximate result of the Defendants manufacturing asbestos materials and placing them in the stream of interstate commerce, Plaintiffs have been injured as described herein.

16. Plaintiffs, through no fault of their own, may not be able to identify any or all asbestos products which caused the injuries stated herein.

17. Each Defendant manufacturer is liable for Plaintiffs' injuries in proportion to that Defendant manufacturer's share of the asbestos materials market.

## COUNT II

### NEGLIGENCE CLAIM AGAINST DEFENDANTS

18. Plaintiffs incorporate herein by reference all prior allegations as if specifically restated herein, paragraph for paragraph and word for word.

19. The said injuries to Plaintiffs were caused by the negligence of Defendants, and each of them.

20. At all times and places mentioned herein, Defendants and each of them, negligently designed, manufactured, selected materials, assembled, inspected, tested, maintained for sale, marketed, distributed, leased, sold, recommended and delivered the hereinabove described certain asbestos products in such manner so as to cause said asbestos products to be in a defective and unsafe condition, and unfit for use in the way and manner such products are customarily treated, used and employed; and, that said Defendants, and each of them, negligently failed to discover said defects and/or failed to warn and/or adequately test and give adequate warning of known or knowable

- 5 -
\\SHARESERVER\share\wpdocs2\Dan\Jacob Eusebio v Plastics Eng'g et al\PLDS\2019 06 Jun\Complaint (Guam) 06 20 final.doc

Case 1:19-cv-00108   Document 1   Filed 06/20/19   Page 5 of 13

dangers of asbestos products to users of said products of said defects and dangers and/or failed to find or use a safe substitute insulating material.

21. At all times and places mentioned herein, Defendants, and each of them, carelessly and negligently permitted dangerous and defective asbestos products to exist at the hereinabove described locations; and furthermore, Defendants, and each of them, negligently failed to provide Plaintiff first named a safe place of employment by reason of their acts, omissions and conduct. The only claims against Defendants is for negligent failure to warn of the dangers of asbestos.

22. As a result of the above, Plaintiff first named contracted malignant mesothelioma and other asbestos-related diseases and injuries to his lungs, chest cavity, cardiovascular system, and other bodily injuries, including shock, great pain of mind and body, fear of cancer and fear of death, and has been permanently injured.

23. As a further result of the above, Plaintiffs have incurred medical bills and miscellaneous expenses, and asks leave to amend this Complaint to show the total thereof at the trial.

24. As a further result of the above, Plaintiffs sustained wage losses, to be shown at the time of trial.

25. Plaintiff EUSEBIO V. JACOB and others in his position worked in close proximity to the asbestos-containing products of Defendants, and the presence of Plaintiff EUSEBIO V. JACOB, as well as others in his position, was known, or, in the exercise of reasonable care, should have been anticipated by the Defendants, and each of them.

## COUNT III

## PUNITIVE DAMAGES

26. Plaintiffs incorporate herein by reference all prior allegations as if specifically restated herein, paragraph for paragraph and word for word.

- 6 -
\\SHARESERVER\share\wpdocs2\Dan\Jacob Eusebio v Plastics Eng'g et al\PLDS\2019 06 Jun\Complaint (Guam) 06 20 final.doc

Case 1:19-cv-00108 Document 1 Filed 06/20/19 Page 6 of 13

27. The Defendants and each of them, have been possessed since 1929 of medical and scientific data which clearly indicates that the products, asbestos and asbestos related insulation products, were hazardous to the health and safety of Plaintiff first named and others in his position, and prompted by pecuniary motives, the Defendants, and each of them, individually and collectively, ignored and failed to act upon said medical and scientific data and conspired to deprive the public, and particularly the users, of said medical and scientific data, depriving them, therefore, of the opportunity of free choice as to whether or not to expose themselves to the asbestos products of said Defendants. As a result, the Plaintiffs have been severely damaged as is set forth below.

28. At all times and places mentioned herein, Defendants, and each of them, so negligently designed, manufactured, selected materials, assembled, inspected, tested, maintained for sale, marketed, distributed, leased, sold, rented, recommended and delivered the hereinabove described certain asbestos products so as to cause said asbestos products to be in a defective and unsafe condition, and unfit for use in the way and manner such equipment is customarily treated, used, and employed in a manner as to amount to reckless and wanton disregard for the safety, health, welfare, and feelings of Plaintiffs, and for that reason, Plaintiffs claim punitive damages against each Defendant, in the amount shown at trial.

## COUNT IV

## LOSS OF CONSORTIUM CLAIM AGAINST ALL DEFENDANTS

29. Plaintiffs incorporate herein by reference all prior allegations as if specifically restated herein, paragraph for paragraph and word for word.

30. By reason of the injuries to Plaintiff first named, EUSEBIO V. JACOB, Plaintiff second named, MARTA A. JACOB, suffered loss of affection, society, company, support, consortium, companionship, comfort and protection and suffered serious emotional distress.

These injuries and damages are continuing and permanent in nature in the past, present and future.

WHEREFORE, plaintiffs herein demand judgment jointly and severally against the defendants in an amount which is just and reasonable in light of the facts, law and evidence, inclusive of compensatory damages, punitive damages, plus pre and post-judgment interest and costs as alleged herein, and for other such relief as the Court deems just and appropriate.

## JURY DEMAND

Plaintiffs demand a trial by jury of all issues so triable as of right.

Respectfully submitted this **20** day of **JUNE**, 2019.

> **BERMAN O'CONNOR & MANN**
> Attorneys for Plaintiffs
> *EUSEBIO V. JACOB and MARTA A. JACOB*
>
> By: _____
> **DANIEL J. BERMAN**

# EXHIBIT "A"

Jacob, Eusebio

Guam Naval Repair Facility Deck Log Rule 1006 Summary

| TAB | Ship Name | Hull # | Arrival/ Departure Dates | Notes |
|---|---|---|---|---|
| 1 | USS Asheville | PG-84 | 7/10/1970 - 11/20/1970 | drydocked 9/11 - 9/16 |
| | USS Asheville | PG-84 | 5/31/1972 - 10/2/1972 | drydocked 6/22 - 7/21, 8/9 - 8/10, 8/30 - 9/3 |
| | USS Asheville | PG-84 | 3/8/1974 - 6/20/1974 | drydocked 3/20 - 4/17; at Station from 6/1 |
| | | | | |
| 2 | USS Banner | AKL-25 / AGER-1 | 8/31/1963 - 9/20/1963 | |
| | USS Banner | AKL-25 / AGER-1 | 10/1/1963 - 12/23/1963 | drydocked 10/16 - 11/23 |
| | USS Banner | AKL-25 / AGER-1 | 10/20/1965 - 12/20/1965 | (at Yokosuka & area for most of duration; arrives at Guam NSD on 12/31/1965) |
| | | | | |
| 3 | USS Brister | DER-327 | 1/10/1963 - 6/10/1963 | moved to SRF from Station 1/10; on local ops 4/28- 4/30 |
| | | | | |
| 4 | USS Bulloch County | LST-509 | 9/29/1968 - 1/17/1969 | at Guam Naval Station, Apra Harbor (not listed as SRF); drydocked 10/29 - 11/22 |
| | | | | |
| 5 | USS Caddo Parish | LST-515 | 12/5/1967 - 2/10/1968 | drydocked 12/15 - 12/28/1967 (arrives at SRF from Guam Supply Depot) |
| | | | | |
| 6 | USS Canon | PG-90 | 9/9/1970 - 4/14/1971 | drydocked 11/17/1970 - 1/13/1971 |
| | USS Canon | PG-90 | 9/12/1972 - 3/6/1973 | drydocked 9/27/1972 - 10/20/1972, 2/13/1973 - 2/23/1973 |
| | | | | |
| 7 | USS Crockett | PG-88 | 3/7/1970 - 7/19/1970 | drydocked 4/27 - 5/14 |
| | USS Crockett | PG-88 | 1/10/1972 - 4/21/1972 | drydocked 2/2 - 3/9 |
| | USS Crockett | PG-88 | 11/3/1973 - 4/4/1974 | drydocked 12/6 - 1/3, 1/29 - 3/7 |
| | | | | |
| 8 | USS Cohues | ANL-78 | 4/29/1972 - 6/30/1972 | no logs after 6/30/1972, ship DECOMMISSIONED; ship at Guam Naval Station (not listed as SRF) |

| # | Ship | Hull | Dates | Notes |
|---|------|------|-------|-------|
| 9 | USS Engage | MSO-433 | 7/24/1972 - 10/21/1972 | drydocked 8/2 - 9/14 |
| 10 | USS Finch | DER-328 | 6/27/1966 - 8/29/1966 | |
| | USS Finch | DER-328 | 5/29/1967 - 7/8/1967 | at Guam Naval Supply Depot (not listed as SRF); local ops 6/16 - 6/17, 6/26 - 6/29 |
| | USS Finch | DER-328 | 1/8/1968 - 3/12/1968 | moved to SRF from Supply Depot 1/8 |
| 11 | USS Fortify | MSO-446 | 6/6/1973 - 9/27/1973 | drydocked 6/26 - 7/27 (inconsistent Base / SRF terminology) |
| 12 | USS Gallup | PG-85 | 11/18/1970 - 4/14/1971 | drydocked 12/14/1970 - 1/14/1971; yard overhaul noted complete on 3/14/1971 |
| | USS Gallup | PG-85 | 9/5/1972 - 1/8/1973 | drydocked 9/7 - 10/13 |
| | USS Gallup | PG-85 | 4/16/1974 - 5/15/1974 | |
| 13 | USS Garrett County | LST-786 | 12/14/1968 - 2/15/1969 | drydocked 12/21/1968 - 1/6/1969 |
| 14 | USS Grasp | ARS-24 | 9/7/1966 - 2/1/1967 | drydocked 10/25 - 11/21 |
| | USS Grasp | ARS-24 | 1/30/1970 - 6/2/1970 | drydocked 3/2 - 3/31 (1/29 entry notes that ship is going to SRF for regular overhaul) |
| | USS Grasp | ARS-24 | 8/3/1973 - 1/31/1974 | drydocked 10/26 - 11/29 |
| 15 | USS Hampshire County | LST-819 | 8/5/1968 - 11/26/1968 | drydocked 9/20 - 10/11 (most pages do not refer to SRF and only name "Apra Harbor, Guam") |
| 16 | USS Haverfield | DER-393 | 1/31/1962 - 5/3/1962 | drydocked 2/16 - 4/4 |
| 17 | USS Hickman County | LST-825 | 9/2/1968 - 11/23/1968 | at Guam Naval Station (not listed as SRF); drydocked 9/13 - 10/16 |
| 18 | USS Impervious | MSO-449 | 10/23/1972 - 1/1/1973 | drydocked 11/1 - 11/21 |
| 19 | USS Inflict | MSO-456 | 1/10/1973 - 3/6/1973 | drydocked 1/16 - 2/14; moves to Degaussing Range on 3/6 |

| # | Ship | Hull | Dates | Notes |
|---|---|---|---|---|
| 20 | USS Iredell County | LST-839 | 6/27/1968 - 10/12/1968 | at Guam Naval Station, Apra Harbor (not listed as SRF); drydocked 8/23 - 9/13 |
| 21 | USS Koiner | DER-331 | 10/17/1966 - 1/9/1967 | at Guam Naval Station, Apra Harbor (not listed as SRF; arrives from Supply Depot); local ops 12/20 - 12/21 |
|  | USS Koiner | DER-331 | 7/24/1967 - 9/12/1967 |  |
| 22 | USS Kretchmer | DER-329 | 10/3/1966 - 1/9/1967 | at Apra Harbor, Guam (not listed as SRF) |
|  | USS Kretchmer | DER-329 | 10/13/1967 - 1/22/1968 | at Guam Naval Station, Apra Harbor (not listed as SRF) |
| 23 | USS Litchfield County | LST-901 | 8/16/1969 - 12/6/1969 | at Guam Naval Station (not listed as SRF); drydocked 10/2 - 10/13; decommissioned 12/6/1969 |
| 24 | USS Lowe | DER-325 | 6/4/1966 - 8/29/1966 | at Guam Naval Station (not listed as SRF) |
|  | USS Lowe | DER-325 | 4/24/1967 - 6/27/1967 | at Guam Naval Station (not listed as SRF) |
|  | USS Lowe | DER-325 | 4/3/1968 - 7/8/1968 | drydocked 4/15 - 5/9 (inconsistent Station / SRF terminology) (in Taiwan area Jan - early April) |
| 25 | USS Luzerne County | LST-902 | 5/29/1968 - 8/6/1968 | drydocked 6/26 - 7/20 |
| 26 | USS Madera County | LST-905 | 3/2/1968 - 5/6/1968 | drydocked 3/14 - 4/15 (arrives at SRF from Wharf D, Guam; 3/2 page notes ship is at SRF for overhaul) |
| 27 | USS Marathon | PG-89 | 9/14/1971 - 12/13/1971 | drydocked 10/8 - 10/28 |
|  | USS Marathon | PG-89 | 6/6/1973 - 9/21/1973 | drydocked 6/14 - 7/3 |
| 28 | USS Meeker County | LST-980 | 5/15/1969 - 9/2/1969 | drydocked 6/7 - 7/3 (inconsistent Station / SRF terminology) |
| 29 | USS Monmouth County | LST-1032 | 8/28/1967 - 11/19/1967 | drydocked 9/16 - 9/28 (most pages do not refer to SRF and only name "Apra Harbor, Guam") |

| # | Ship | Hull | Dates | Notes |
|---|---|---|---|---|
| 30 | USS Park County | LST-1077 | 12/22/1968 - 4/12/1969 | at Guam Naval Station (not listed as SRF); drydocked 1/8 - 2/1 |
| 31 | USS Pitkin County | LST-1082 | 2/9/1969 - 6/8/1969 | at Guam Naval Station (not listed as SRF); drydocked 2/26 - 3/15 |
| 32 | USS Ponchatoula | AO-148 | 1/19/1974 - 7/6/1974 | drydocked 2/4 - 4/6 |
| 33 | USS Proteus | AS-19 | 1/30/1968 - 5/19/1968 | drydocked 2/8 - 3/2 |
| 34 | USS San Joaquin County | LST-1122 | 4/24/1963 - 7/5/1963 | drydocked 5/20 - 6/11 (most pages do not refer to SRF and only name "Apra Harbor, Guam") |
| 35 | USS Sedgwick County | LST-1123 | 8/14/1969 - 12/6/1969 | at Apra Harbor, Guam (not referred to as SRF); drydocked 10/13 - 10/29; ship decommissioned 12/6 |
| 36 | USS Sutter County | LST-1150 | 6/25/1969 - 10/12/1969 | drydocked 7/26 - 8/18 |
| 37 | USS Tacoma | PG-92 | 2/20/1971 - 7/9/1971 | drydocked 3/11 - 3/30 |
|  | USS Tacoma | PG-92 | 4/12/1973 - 6/25/1973 | drydocked 4/20 - 5/17 |
| 38 | USS Tom Green County | LST-1159 | 4/23/1964 - 7/18/1964 | drydocked 5/6 - 5/27 |
| 39 | USS Wandank | ATA-204 | 4/14/1964 - 7/10/1964 | drydocked 4/28 - 5/22 (pages note yard overhaul) |
|  | USS Wandank | ATA-204 | 1/6/1967 - 7/22/1967 | 7/22/1967; drydocked 3/28 - 5/17 |
|  | USS Wandank | ATA-204 | 8/25/1969 - 11/24/1969 | drydocked 9/9 - 9/26 |
| 40 | USS Welch | PG-93 | 2/20/1971 - 7/24/1971 | drydocked 3/17 - 4/6; local ops 7/8 - 7/12 |
|  | USS Welch | PG-93 | 3/9/1973 - 5/31/1973 | drydocked 3/16 - 4/6 |

NSD = Naval Supply Depot
SRF = Ship Repair Facility